## ROBERT KILBORN *vs.* ZADOC REWEE.

Evidence of frequently cutting wood and timber on a tract of woodland for more than twenty years, under a claim of title, will support an action of trespass against one who shows no title.

There is no presumption in favor of a meeting of a proprietary, held only twelve years since, on the warrant of a justice of the peace, on the application of five persons describing themselves as proprietors, that they were in fact proprietors.

A title acquired since the commencement of an action of trespass *quare clausum* is no justification of the trespass.

ACTION OF TORT, commenced on the 4th of January 1854, for breaking and entering the plaintiff's close in Great Barrington, and cutting and taking away wood and timber. Answer, soil and freehold in the defendant. Trial and verdict for the plaintiff in the court of common pleas at October term 1856, before *Briggs*, J., who signed a bill of exceptions, the material parts of which were as follows :

" The alleged acts of trespass were proved, and the only question was in relation to the title to the premises. The plaintiff set up title in himself, first, by means of long continued acts of occupation and possession of the land ; and secondly, through a location or pitch under the Housatonic Lower Proprietary.

" To establish his right or title of possession, the plaintiff introduced a number of witnesses," who testified that the plaintiff, in 1825, cut upon the premises (which were a tract of mountain woodland) timber for the frame of a dwelling-house ; and before and after that time cut logs there for a saw mill which he owned; and at different times, from 1825 to 1852, cut considerable quantities of firewood and timber on various parts of the premises, for his own use and for sale ; and claimed title to the premises, and permitted other persons to cut there, and forbade others to cut without his permission.

" Upon this evidence the plaintiff claimed to recover; but the defendant claimed that the plaintiff had failed to establish a title from acts of occupation and possession, and that the jury should be instructed that the acts proved did not amount to a legal possession of the premises. But the court declined so to

instruct the jury, and left it to them as a question of fact upon the evidence offered; to which ruling the defendant excepted.

" The plaintiff also offered in evidence a paper which he claimed was a survey or location of land under the proprietary, made in 1819, and two deeds made to him in 1815, of rights to lay certain numbers of acres in said proprietary." There was conflicting evidence upon the question whether the premises were included in this location, which was submitted to the jury with an instruction that the forms of proceeding were legal. To this instruction also the defendant excepted. But a more particular statement of this part of the case is not necessary to the understanding of the decision of this court.

" The defendant claimed title to the premises under Shaler Trowbridge. Said Trowbridge testified that he was a grandson of Sarah Marvin, whose father was a brother of James Smith or James Smith, Jr., an original proprietor. It appeared however that the father of said Shaler, son of said Sarah, and who died in her lifetime, was illegitimate.

" The defendant also introduced a deed from Jedediah Burrill to said Shaler, dated April 16th 1845, purporting to convey cer-tain rights to locate; also deeds from Lydia Trowbridge, widow and devisee of said Shaler's brother, and Mary Trowbridge, sister of said Shaler, dated April 4th 1845, purporting to convey rights derived by inheritance from said James, through said father of said Shaler; also deeds (predicated upon said Shaler's location hereafter named) from said Shaler to George Pynchon, from said Shaler to Jarvis Pixley, and from said Pix-ley and Shaler to the defendant.

" The defendant also offered to show that a location was made by said Shaler on the 23d of March 1845, including the premises; and claimed that the same was recorded in the rec-ords of the proprietary. There were no meetings of the proprie-tary between 1790 and 1842. In 1842 five persons, (of whom said Shaler was one,) describing themselves as proprietors, signed a petition to a justice of the peace, to call a meeting of the pro-prietary for reorganization; a meeting was called accordingly, and the proceedings and records in pursuance thereof the de-

fendant offered to show in evidence.  The plaintiff objected that at the decease of the clerk in 1835 all the offices of the proprietary became vacant, (which was not disputed,) and that no reorganization was legally effected in 1842, nor since the death of said clerk, and that the location and alleged records offered by the defendant were invalid.

" The defendant also claimed that said Shaler made a re-survey of said premises on other rights, on the 6th of July 1845, recorded in said alleged records ; to which the plaintiff also objected as being invalid.

" For the purposes of this trial the plaintiff's objections were sustained, and the court ruled that the proceedings and records relating to the supposed reorganization in 1842 were inadmissible as evidence.

" The defendant then offered to show by other evidence than the books of the proprietary, that on the 25th of October 1855 sixteen persons, who were proprietors of common lands in the proprietary, presented their petition to a magistrate, requesting him to issue his warrant for a meeting of the proprietary and for the purposes expressed in the warrant ; that the warrant was issued and served ; that legal notice was given to all persons proprietors ; that a meeting was called on the 17th of November 1855, and thereupon an organization was had ; and that the proprietors, at said meeting, recognized the location of said Shaler.  For the purposes of this trial, the court rejected the above offer, and the defendant excepted."

*J. E. Field & C. N. Emerson,* for the defendant.

*I. Sumner & H. L. Dawes,* for the plaintiff.

DEWEY, J.    Upon the evidence disclosed in the case, the plaintiff established, as against a stranger to the true legal title, a good and sufficient possessory title to enable him to maintain an action of tort for disturbance of his possession, or, under the old form of pleading, an action of trespass *quare clausum.*

In this state of the case, the defendant was required, if he would maintain his defence, to show a better title.  He failed to produce any sufficient evidence of an older title by possession. It has become important for him to show a good paper title.

The premises in dispute, it was conceded, were a portion of the land formerly belonging to the Housatonic Lower Proprietary. The defendant claimed title under the proprietary. His alleged source of title was a deed from Shaler Trowbridge. Trowbridge was not himself a proprietor or a member of the proprietary. But his great grandfather was, it seems, a brother of an original proprietor. It is unnecessary to say whether this would furnish any sufficient legal presumption of title in Shaler Trowbridge by descent; inasmuch as the facts in the case further show that the father of Shaler Trowbridge was an illegitimate child, and so could not inherit, and therefore no estate would pass to Shaler Trowbridge through his father, for he had no estate. The deeds from other heirs of the father, dated April 4th 1847, are obnoxious to the same objection.

A deed was also introduced from Jedediah Burrill, dated April 16th 1845, under which the defendant claimed a right to locate upon lands of the proprietary. The defendant also contended that he had made a location, and acquired title thereby, on the 23d of March 1845, as would appear from the records of the proprietary. In answer to this, the plaintiff denied the validity of that location, or that there were any proper officers of the proprietary, competent to act in the matter; and offered to show that there had been no proprietary meeting for fifty years previous to the year 1842; and that all those who had held offices in the proprietary were then deceased; which was conceded. The defendant thereupon attempted to set up a new organization of the proprietary in 1842. Such new organization required the calling of a meeting upon the request of five proprietors, and the evidence failed to prove that the five persons who called the meeting were proprietors. There was no sufficient evidence offered to show that the meeting of 1842 was a legal meeting, and none rejected by the court that was offered on that point. The court rejected the book of records as of itself showing a legal meeting, without further proof as to the persons who called it, &c., as was held in the case of *Stevens* v. *Taft*, 3 Gray, 487. The failure to establish the new organization of the proprietary in 1842 was not only fatal to the location

made in March 1845, under any deeds then existing, giving such right to locate, but equally so to the resurvey and location offered in evidence as having taken place on the 6th of July 1845, which was after the deed from Burrill.

The offer to show a regular organization of the proprietary on the 25th of October 1855 was properly rejected, being an organization subsequent to the commencement of the present action and the time of committing the alleged trespasses for which this action was brought.

In the aspect of the case, as it was presented on the trial, the presiding judge properly rejected the evidence as to locations made under the authority of the meeting of 1842; and we perceive no ground for exceptions, on the part of the defendant, to any rulings upon points material to the case. It becomes unnecessary to consider particularly the rulings of the court upon the paper title offered by the plaintiff, as, in the view we take of the case, the plaintiff was entitled to maintain his action irrespectively of that; and the verdict for the plaintiff should be sustained as correct in matter of law, and the only proper verdict upon the facts proved as to the possessory title of the plaintiff; the defendant having failed to show any title in himself controlling it.                     *Exceptions overruled.*